Exhibit A

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES PHILIPS
CORPORATION,

          Plaintiff,

       v.

MANINDER SETHI; JITENDER
SETHI; LOVELEEN SETHI; WINGS
MANUFACTURING CORPORATION;
JAZZMAN SPORTSWEAR
CORPORATION; ESHMAN
HOLDINGS LIMITED; LEENA
DENIM LIMITED f/k/a LEENA
ENTERPRISES; and John Does 1 – 10,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - x

INDEX NO. 601288/05

MOTION FOR CONFIRMATION OF
ORDER OF ATTACHMENT

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, upon the papers listed in the Motion below, respondent United States Philips Corporation, by and through its attorneys of record, will move this Court, in front of the Honorable Justice James A. Yates, on May 15, 2005 at 10 am or as soon thereafter as counsel may be heard, at the Supreme Court of the State of New York, County of New York, for an Order pursuant to Civil Practice Law and Rules 6211(b) confirming the April 15, 2005 Order of Attachment.

Pursuant to Civil Practice Law and Rules 2214(b), answering papers, if any, shall be served at least seven days before the scheduled hearing.

## MOTION

Based on the April 13, 2005 Affidavit of Maura Miller, as well as the

exhibits thereto, and the *Ex Parte* Application for an Order of Attachment and

Memorandum of Law in Support Thereof, all of which are attached to the April 28, 2005

Affidavit of Maura Miller as Exhibit 1 and incorporated by reference, United States

Philips Corporation ("Philips") hereby moves pursuant to Civil Practice Law and Rules

6211(b) and the Court's April 15, 2005 Order of Attachment, for an order confirming the

Order of Attachment entered April 15, 2005 against the assets of defendants Maninder

Sethi, Jitender Sethi, Wings Manufacturing Corporation, Jazzman Sportswear

Corporation and Eshman Holdings, Ltd.  A copy of the Court's April 15, 2005 Order is

attached to the April 28, 2005 Affidavit of Maura Miller as Exhibit 2.

Dated: New York, New York
       April 28, 2005

*Maura MM*

Garrard R. Beeney
Maura Miller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Phone: (212) 558-4000
Fax:    (212) 558-3588


Edward D. Johnson
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Phone: (650) 461-5600
Fax:    (650) 461-5700

*Attorneys for Plaintiff*
United States Philips Corporation

2

> In IAS Part ___ of the Supreme Court of the
> State of New York held in and for the
> County of New York, at the County
> Courthouse, New York, New York, on
> the ___ day of May, 2005.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PRESENT:

Hon. James A. Yates, Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES PHILIPS
CORPORATION,

                       Plaintiff,

        v.

MANINDER SETHI; JITENDER
SETHI; LOVELEEN SETHI; WINGS
MANUFACTURING CORPORATION;
JAZZMAN SPORTSWEAR
CORPORATION; ESHMAN
HOLDINGS LIMITED; LEENA
DENIM LIMITED f/k/a LEENA
ENTERPRISES; and John Does 1 – 10,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

INDEX NO. 601288/05

ORDER CONFIRMING APRIL 15,
2005 ORDER OF ATTACHMENT

        Plaintiffs having filed a Motion to Confirm the April 15, 2005 Order of
Attachment against the property of defendants Maninder Sethi, Jitender Sethi, Wings
Manufacturing Corporation, Jazzman Sportswear Corporation and Eshman Holdings,
Ltd. in an action in the Supreme Court of New York, County of New York, pursuant to
Article 62 of the New York Civil Practice Law and Rules; and

        the Court having read the summons and complaint herein and the Motion
to Confirm, along with the April 28, 2005 Affidavit of Maura Miller, and the exhibits
annexed thereto, submitted in support of the Motion, wherein the criteria for attachment
set forth in Article 62 of the New York Civil Practice Law and Rules have been satisfied
in that:

        (1) a cause of action for a money judgment exists in favor
of plaintiff against defendants Maninder Sethi, Jitender

Sethi, Wings Manufacturing Corporation, Jazzman
Sportswear Corporation, and Eshman Holdings, Ltd. for the
sum stated in the complaint, namely $972,422.35, together
with interest as provided in Article 50 of the Civil Practice
Law and Rules, costs, and the Sheriff's fees and expenses;

(2) the amount demanded from defendants exceeds all
counterclaims known to plaintiff;

(3) it is probable that plaintiff will succeed on the merits;
and

(iv) defendants Maninder Sethi, Jitender Sethi, Wings
Manufacturing Corporation, Jazzman Sportswear
Corporation, and Eshman Holdings, Ltd., with intent to
defraud creditors or frustrate the enforcement of a judgment
that might be rendered in plaintiff's favor, have assigned,
disposed of, encumbered or secreted property, or removed
it from the state or are about to do any of these acts;

NOW, on motion of Sullivan & Cromwell, LLP, attorneys for plaintiff, it
is

ORDERED, that the April 15, 2005 Order of Attachment is
CONFIRMED.

_____
J.S.C.

*Attorneys for Plaintiff*
*United States Philips Corporation*

Garrard Beeney
Maura Miller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Edward D. Johnson
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
(650) 461-5600

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES PHILIPS          :
CORPORATION,

                                :      INDEX NO. 601288/05
                  Plaintiff,     :

             v.               :

MANINDER SETHI; JITENDER      :     AFFIDAVIT OF MAURA MILLER IN
SETHI; LOVELEEN SETHI; WINGS    :     SUPPORT OF UNITED STATES
MANUFACTURING CORPORATION;  :     PHILIPS CORPORATION'S MOTION
JAZZMAN SPORTSWEAR          :     TO CONFIRM ORDER OF
CORPORATION; ESHMAN          :     ATTACHMENT
HOLDINGS LIMITED; LEENA       :
DENIM LIMITED f/k/a LEENA       :
ENTERPRISES; and John Does 1 – 10,  :
                                :
                Defendants.    :
                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, MAURA MILLER, declare as follows:

1.      I am associated with the law firm of Sullivan & Cromwell LLP, counsel to

Plaintiff United States Philips Corporation ("Philips") in the above-captioned action, and

am a member of the Bar of the State of New York. I have personal knowledge of the

facts set forth in this affidavit.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Philips' *Ex Parte*

Application for Order of Attachment, including the April 13, 2005 Affidavit of Maura

Miller and exhibits thereto.

3.      Attached hereto as Exhibit 2 is a true and correct copy of this Court's

April 15, 2005 Order of Attachment.

WHEREFORE, pursuant to CPLR Section 6211(b), the undersigned respectfully requests that this Court confirm the April 15, 2005 Order of Attachment.

Pursuant to CPLR § 2106, I subscribe and affirm, under penalty of perjury, that the foregoing is true and correct.

Dated:  April 28, 2005
        New York, New York

Maura Miller

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES PHILIPS                              :
CORPORATION,                                       :
                                                   :       INDEX NO. 601288/05
                        Plaintiff,                 :
                                                   :
            v.                                     :
                                                   :       *EX PARTE* APPLICATION FOR
MANINDER SETHI; JITENDER                           :       ORDER OF ATTACHMENT AND
SETHI; LOVELEEN SETHI; WINGS                       :       MEMORANDUM OF LAW IN
MANUFACTURING CORPORATION;                         :       SUPPORT THEREOF
JAZZMAN SPORTSWEAR                                 :
CORPORATION; ESHMAN                                :
HOLDINGS LIMITED; LEENA                            :
DENIM LIMITED f/k/a LEENA                          :
ENTERPRISES; and John Does 1 – 10,                 :
                                                   :
                        Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - x


        Based on the Affidavit of Maura Miller, signed on April 13, 2005, as well

as the exhibits thereto, and the Memorandum of Law below, United States Philips

Corporation ("Philips") hereby submits this application for an *ex parte* Order of

Attachment pursuant to Civil Practice Law and Rules 6201(3) and 6211 against the assets

of defendants Maninder Sethi, Jitender Sethi, Wings Manufacturing Corporation,

Jazzman Sportswear Corporation and Eshman Holdings, Ltd.

## MEMORANDUM OF LAW

        United States Philips Corporation ("Philips") submits this Memorandum

of Law in support of its *ex parte* application for a Writ of Attachment.

## INTRODUCTION

Philips' attempts to collect on its one and a half year old judgment against Wings Digital Corporation ("Wings Digital") have been thwarted by a sophisticated scheme of asset transfers, found found by this Court to be "fraudulent," (see p. 3 *infra*.) orchestrated by Wings Digital's principal and his family. At a hearing in a related proceeding, this Court already found that the Sethi family and their alter ego group of companies has engaged in a Byzantine series of phony transactions designed to cheat legitimate creditors such as Philips. Having established at that prior hearing that the Sethi family and the companies it controls are alter egos of each other and judgment debtor Wings Digital, Philips filed its complaint in this action seeking to pierce the corporate veil of those alter egos. In order to prevent further fraudulent transfers among the alter ego defendants during the pendency of its claims, Philips makes the present application for an Order of Attachment.

## BACKGROUND

On November 19, 2003, Justice Kenneth W. Rudolph of the New York State Supreme Court, County of Westchester, entered judgment against Wings Digital Corporation ("Wings Digital") for breach of contract in favor of Philips, for the sum of Eight hundred sixty-eight thousand two hundred thirty-four Dollars and Twenty-three Cents ($868,234.23). That debt has gone unpaid, and, as of April 1, 2005, totals $972,435.58, inclusive of interest.[1]

In January 2004, Philips attempted to enforce its judgment against Wings Digital by seizing assets held at Commerce Bank in New Jersey. Eshman Holdings

---

[1] On April 1, 2005, Wings Digital filed for bankruptcy in the Southern District of New York.

2

Limited ("Eshman"), also a defendant in this action, intervened, claiming that it had a

senior lien on all of Wings Digital's assets. Maninder Sethi's brother Jitender is one of

the two shareholders of Eshman. Without disclosing the familial relationship, Eshman

filed an Order to Show Cause on February 24, 2004, demanding that this Court:

(1) vacate the information subpoenas and restraining notices served by Philips on Wings

Digital, and (2) permanently enjoin Philips from executing its judgment against any

property of Wings Digital subject to Eshman's Security Agreement, until such time as

Wings Digital's indebtedness to Eshman was satisfied. *Eshman Holdings Ltd.* v. *U.S.*

*Philips Corporation, et al.*, Index No. 102785/04.

      A bench trial before Justice James A. Yates was held on March 11 and 17,

2005, in this related matter ("Eshman Hearing").[2] After testimony from brothers

Maninder and Jitender Sethi during the Eshman Hearing concerning the intra-family

transactions that resulted in the purported Eshman lien, this Court found that "the entire

transaction from beginning to end was fraudulent." (Exhibit C, 26:1-3.) This Court also

found that "the transfer between the family members was fraudulent and in an attempt to

avoid the judgment by Philips." (Exhibit C, 29:21-23.) This Court found that the Sethi

family members, through their companies, engaged in these transactions, "as a way of

escaping liability to potential creditors, including Philips and all just as a way of shuffling

money between the family members. So I find [it to be] fraudulent." (Exhibit C, 27:23-

28:3.) The Court denied Eshman the requested relief and cleared Philips to enforce its

judgment against Wings Digital.

---

[2] Copies of the transcripts from the two-day Eshman Hearing are incorporated by
    reference, and attached to the Miller Affidavit as Exhibits B (March 11, 2005) and
    C (March 17, 2005).

On April 1, 2005, after being relieved of a greater than $3 million debt,

but now facing collection efforts from legitimate creditors, Wings Digital filed for

bankruptcy in the Southern District of New York.

On April 12, 2005, Philips filed a summons and complaint against, *inter*

*alia*, Maninder Sethi, Jitender Sethi, Wings Manufacturing Corporation ("Wings

Manufacturing"), Jazzman Sportswear Corporation ("Jazzman") and Eshman, describing

the alter ego relationship with Wings Digital and asking the Court to pierce the corporate

veil and allow Philips to collect on its judgment against Wings Digital from, *inter alia*,

Maninder Sethi, Jitender Sethi, Wings Manufacturing, Jazzman, and Eshman

("Complaint"). The Complaint, which is for a money judgment, is the subject of this

application for an Order of Attachment, and is attached to the Affidavit of Maura Miller

("Miller Affidavit") as Exhibit A. The allegations of the Complaint are incorporated

herein by reference.

### ARGUMENT

### PURSUANT TO CPLR 6201(3) AND 6211, AN *EX PARTE* WRIT OF ATTACHMENT SHOULD ISSUE AGAINST MANINDER SETHI, JITENDER SETHI, WINGS MANUFACTURING, JAZZMAN SPORTSWEAR AND ESHMAN HOLDINGS.

In order to obtain an Order of Attachment, Philips must show, "by

affidavit and such other written evidence as may be submitted, that there is a cause of

action, that it is probable that the plaintiff will succeed on the merits, that one or more

grounds for attachment provided in section 6201 exist, and that the amount demanded

from the defendant exceeds all counterclaims known to the plaintiff." N.Y. C.P.L.R.

6212; *see also Pires* v. *Frota Oceanica Brasileira, S.A.*, No. 23829/76, 6 Misc.3d

1036(A), 2005 WL 579500, at **4 (N.Y.Sup. Jan. 14, 2005) (Plaintiff "has the burden of

4

demonstrating, through affidavit or other written evidence, that a valid cause of action for

a money judgment exists, that it will probably succeed on the merits, that it has satisfied

one of the statutorily-enumerated grounds of CPLR 6201, and the need for such an

order."). Pursuant to Civil Practice Law and Rule 6211, such Order may be granted

without notice to defendants. N.Y. C.P.L.R. 6211.

      An Order of Attachment in this case is appropriate under Civil Practice

Law and Rule 6201(3), which allows for an Order of Attachment when, "the defendant,

with intent to defraud his creditors or frustrate the enforcement of a judgment that might

be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted

property, or removed it from the state or is about to do any of these acts." N.Y. C.P.L.R.

6201(3); *Mineola Ford Sales, Ltd.* v. *Rapp*, 661 N.Y.S.2d 281, 282 (2d Dept. 1997).

      Based on the fraudulent conduct already found by this Court in *Eshman* v.

*Philips*, it has been established that defendants Maninder and Jitender Sethi -- and their

alter egos Wings Manufacturing, Jazzman and Eshman -- already have sought to

fraudulently encumber and secrete assets. Moreover, as demonstrated in section B

below, defendants have shown every indication that they will continue their attempts to

frustrate the enforcement of Philips' judgment. Consequently, an *ex parte* Order of

Attachment is proper in this case. *West* v. *Kastner*, 5/11/2001 NYLJ 20 (col. 4) (1st

Dept. May 11, 2001) ("The obvious purpose of [CPLR 6201(3)] is to ensure that assets

will be available to satisfy a prospective money judgment where the defendant is a person

who in the past has concealed assets in order to avoid paying his or her creditors.");

*Mineola Ford*, 661 N.Y.S.2d at 282 (granting order of attachment under CPLR 6201(3)

based on past acts of fraud by defendant).

A.    The Eshman Hearing Established That Philips Has a Valid Cause of Action
Which Will Succeed on the Merits By Collateral Estoppel.

Philips' complaint in this action alleges that defendants, all members of

the Sethi family or corporations within the Sethi family "cluster," are actually alter egos

of each other and of Wings Digital, and therefore are jointly and severally liable for

Wings Digital's debt to Philips. Philips will succeed on the merits of its claim, as the

evidence and findings from the Eshman Hearing establish that the Sethis ignore corporate

formalities and use their companies to shuffle and commingle assets in an attempt to

evade creditors. Defendants are estopped from challenging these findings here. (*See*

*Barcov Holding Corporation* v. *Bexin Realty* Corporation, 2005 WL 674852 (N.Y.A.D.

1st Dept., March 24, 2005) at *1 ("Since the identical issues . . . were involved in the

prior proceedings, . . . and since [defendant] had a full and fair opportunity to litigate the

issues . . . [defendant] is barred by collateral estoppel from relitigating those issues

herein."), *citing Ryan* v. *New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984).) This Court

found during the Eshman hearing that the Sethi family members, through their

companies, engaged in a series of intra-family transfers, "as a way of escaping liability to

potential creditors, including Philips and all just as a way of shuffling money between the

family members." (Exhibit C, 27:23-28:3.)

*Maninder Sethi and Wings Digital are alter egos:* Maninder Sethi is the

sole shareholder of judgment debtor Wings Digital (Exhibit B, 25:20-23). After hearing

testimony during the Eshman Hearing about the intra-familial cluster of corporations and

the family's history of shuffling and commingling assets, this Court stated that, "Wings

Digital is Maninder." (Exhibit C, 25:5.) When Maninder Sethi argued that it was

possible for him to start a wholly-owned juridical entity and not be considered its alter

6

ego, the court stated, "People also set up corporations to pull scams, which is what I think happened here." (Exhibit C, 25:5-7.)[3]

*Wings Manufacturing is the alter ego of Wings Digital:*  As noted above, Maninder Sethi is the sole shareholder of both Wings Manufacturing and Wings Digital. Maninder Sethi uses a Wings Manufacturing account to pay Wings Digital's debts. (Exhibit B, 88:3-91:10; Miller Affidavit Exhibit F.)  In order to purchase the equipment necessary to start Wings Digital, Wings Manufacturing extended a letter of credit for more than $1.9 million.  (Exhibit B, 23:4-8; Miller Affidavit Exhibit G.)  According to Maninder Sethi, Wings Manufacturing opened this more than $1.9 million letter of credit as repayment of a $1.65 million debt that Wings Manufacturing and Jazzman jointly owed to his mother, Loveleen Sethi, and her company, Loveleen Enterprises, also named as defendants in this action.  (Exhibit B, 20:1-13; Miller Affidavit Exhibit E.)

Upon learning of the asset transfers among Leena Enterprises, Wings Manufacturing, Jazzman and Wings Digital, this Court described the Sethis' conduct as "an incredible scam."  (Exhibit C, 24:8.)

*Wings Manufacturing and Jazzman are alter egos of Maninder and Jitender Sethi and of each other:*  Maninder Sethi is the sole shareholder of defendant Wings Manufacturing (Exhibit B, 10:3-6), and, along with his brother Jitender Sethi, joint owner of defendant Jazzman (Exhibit B, 65:15-23).  Defendants Wings Manufacturing and Jazzman have joint financial statements and, upon information and belief, joint

---

[3] During a deposition in the underlying matter, *U.S. Philips Corp.* v. *Wings Digital Corp.*, Maninder Sethi testified, "I formed many corporations and shut it down.  We form companies, we shut it down, we form companies, we shut it down.  So it's very confusing."  (April 28, 2003 deposition, relevant portions attached to Miller Affidavit as Exhibit D.)

7

accounts in which they commingle funds. (Exhibit B, 14:13-16:8; Exhibit B, 87:8-12;

Miller Affidavit Exhibit E.)  Wings Manufacturing and Jazzman also share offices and

employees. (*Philips* v. *Wings*, April 29 deposition of Maninder Sethi, at 51:13-22,

relevant portions attached to Miller Affidavit as Exhibit D.)

 *Jitender Sethi is the alter ego of Eshman:*  After hearing testimony at the

Eshman hearing, the Court declared that, "Jitender *is* Eshman. . . . Jitender's Eshman. At

this point in time, I mean, he controls it.  He runs it.  He's the Board of Directors and he's

the, you know . . . He *is* Eshman."  (Exhibit C, 17:6-14 (emphasis added).)  Furthermore,

Eshman's decision to engage in the loan transactions with Leena Enterprises and Wings

Digital, which was unrelated to Eshman's business, was made by Jitender and, according

to Jitender, the decision was made, "on the request of my mother." (Day 1, 118:23-

119:6.)

B.    Ex Parte Relief Under CPLR 6201(3) is Appropriate because the Sethi Family
      Has a History of Hiding Assets to Frustrate Creditors.

 Evidence from the Eshman Hearing also established a tendency of

defendants Maninder Sethi and Jitender Sethi, both personally and through their alter ego

companies, to fraudulently conceal assets in an attempt to avoid collection of legitimate

debts.  *See* Exhibit C, 26:1-3 (referring to intra-family transactions that resulted in the

purported Eshman lien, "the entire transaction from beginning to end was fraudulent");

Exhibit C, 29:21-23 ("the transfer between the family members was fraudulent and in an

attempt to avoid the judgment by Philips"); Exhibit C, 27:23-28:3 ( referring to the

motivation to engage in the intra-family transactions, "[It was] a way of escaping liability

to potential creditors, including Philips and all just as a way of shuffling money between

8

the family members.  So I find [it to be] fraudulent.").  As a result, Philips is forced to

proceed *ex parte* in this matter, and relief under CPLR 6201(3) is appropriate.

      The Sethi family's attempts to avoid creditors go beyond those described

above.  For example, as of January 2004, Wings Digital had made only $50,000 in

payments since the August 1995 inception of the loan at issue.  (Exhibit B, 80:14-17;

Miller Affidavit Exhibit H.)  However, within 30 days of learning that Philips was

attempting to enforce its judgment, Wings Digital transferred nearly $120,000 to Eshman.

(Exhibit B, 82:1-19; Exhibit H.)  These checks effectuating the transfers were signed by

Maninder Sethi and came from the bank account Philips had attempted to garnish.

(Exhibit H.)

      In October and December 2004, in a further attempt to avoid paying

Philips' valid judgment by fraudulently transferring money to his brother's company,

Maninder Sethi signed nearly $200,000 in checks from Wings Digital to Eshman.

(Exhibit B, 63:17-21; Miller Affidavit Exhibit L)  The October and December 2004

transfers to Eshman totaling almost $200,000 were made in violation of the restraining

notice served by Philips on Wings Digital.[4]  (Attached to Miller Affidavit as Exhibit J.)

Although Philips had stipulated to lift the Restraining Notice for critical operating costs

(Miller Affidavit Exhibit K), transfers to Eshman *do not* qualify as critical operating costs

and were not accounted for in the monthly accounting of expenses required by the

Stipulation to be submitted to Philips.

---

[4] In the Complaint attached as Exhibit A, Philips has requested that the monies
     fraudulently conveyed to Eshman by Wings Digital be held in trust for Philips.

Finally, Philips recently has learned that, in February 2004, just weeks
after Philips began to enforce its judgment against Wings Digital, Maninder Sethi sold a
property purchased in 1986 for $1 million to a company called 729 Madison LLC for
$10.  This company is owned by Maninder Sethi's wife, Nisha Sethi, and the registered
agent for the sale is A. Mitchell Greene, counsel for Wings Digital in this action.  (Miller
Affidavit Exhibits L, M.)

## CONCLUSION

Based on Philips' probability of success on the merits of its alter ego
claim, and the tendency of defendants to assign, dispose of, encumber or secrete property
to avoid creditors, United States Philips Corporation respectfully requests that the Court
enter its *ex parte* Order of Attachment pursuant to CPLR 6201(3).

Dated: New York, New York
      April 13, 2005

Garrard R. Beeney
Maura Miller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Phone: (212) 558-4000
Fax:    (212) 558-3588

Edward D. Johnson
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California 94303
Phone: (650) 461-5600
Fax:    (650) 461-5700

*Attorneys for Plaintiff*
United States Philips Corporation

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES PHILIPS             :
CORPORATION,                      :
                                  :        INDEX NO. 601288/05
            Plaintiff,            :
                                  :
        v.                        :
                                  :        AFFIDAVIT OF MAURA MILLER IN
MANINDER SETHI; JITENDER          :        SUPPORT OF *EX PARTE*
SETHI; LOVELEEN SETHI; WINGS      :        APPLICATION FOR ORDER OF
MANUFACTURING CORPORATION;        :        ATTACHMENT
JAZZMAN SPORTSWEAR                :
CORPORATION; ESHMAN               :        CONFORMED VERSION
HOLDINGS LIMITED; LEENA           :
DENIM LIMITED f/k/a LEENA         :
ENTERPRISES; and John Does 1 – 10, :
                                  :
            Defendants.           :


- - - - - - - - - - - - - - - - - - - - - - x


I, MAURA MILLER, declare as follows:

1.      I am associated with the law firm of Sullivan & Cromwell LLP, counsel to

Plaintiff United States Philips Corporation ("Philips") in the above-captioned action, and

am a member of the Bar of the State of New York. I have personal knowledge of the

facts set forth in this affidavit.

1(a).    Plaintiffs having filed an application for the Order of Attachment against

the property of defendants Maninder Sethi, Jitender Sethi, Wings Manufacturing

Corporation, Jazzman Sportswear Corporation, and Eshman Holdings Limited in an

action in the Supreme Court of New York, County of New York, pursuant to Article 62

of the New York Civil Practice Law and Rules.

2.    On November 19, 2003, Justice Kenneth W. Rudolph of the New York

State Supreme Court, County of Westchester, entered judgment against Wings Digital

Corporation ("Wings Digital") for breach of contract in favor of Philips, for the sum of

Eight hundred sixty-eight thousand two hundred thirty-four Dollars and Twenty-three

Cents ($868,234.23). That debt has gone unpaid, and, as of April 1, 2005, totals

$972,435.58, inclusive of interest. On April 1, 2005, Wings Digital filed for bankruptcy

in the Southern District of New York.

3.    On April 12, 2005, Philips filed a summons and complaint against, *inter

alia*, Maninder Sethi, Wings Manufacturing Corporation ("Wings Manufacturing"),

Jazzman Sportswear Corporation ("Jazzman"), Jitender Sethi and Eshman Holdings

Limited ("Eshman") describing the alter-ego relationship with Wings Digital and asking

the Court to pierce the corporate veil and allow Philips to collect on its judgment against

Wings Digital from Maninder Sethi, Wings Manufacturing, Jazzman, Jitender Sethi and

Eshman ("Complaint"). The Complaint, which is for a money judgment, is the subject of

this application for an Order of Attachment, and is attached hereto as Exhibit A. The

allegations of the Complaint are incorporated herein by reference.

4.    Based on evidence presented at a hearing in a related matter, *Eshman

Holdings Ltd. v. U.S. Philips Corporation, et al.*, Index No. 102785/04, ("Eshman

Hearing"), adjudicated by Justice Yates in this Court, it is probable that Philips will

succeed on the merits. Copies of the transcripts from the two-day Eshman Hearing are

incorporated by reference, and attached hereto as Exhibits B (March 11, 2005) and C

(March 17, 2005).

2

5. Evidence from the Eshman Hearing also established a tendency of defendant Maninder Sethi, both personally and through his alter ego companies Wings Manufacturing and Jazzman, to fraudulently conceal assets in an attempt to avoid collection of legitimate debts.

6. Consequently, Philips is proceeding *ex parte* in order to prevent defendants from further concealing assets before the Order of Attachment has been granted.

6(a). Pursuant to CPLR 6001, Philips asserts that no other provisional remedy has been secured or sought in this action against these defendants.

7. There are no known counterclaims against Philips and, as a result, the amount sought from defendants exceeds all counterclaims.

8. Philips moves on grounds

9. No prior application for this relief has previously been made.

*Philips' Probability Of Success On The Merits Of Its Alter Ego Claims*

10. Philips probably will succeed on the merits of its claim against Maninder Sethi, Wings Manufacturing, Jazzman Sportswear, Jitender Sethi and Eshman. As explained more fully below, evidence from the Eshman Hearing established that the Sethi family members, through their companies, engaged in a series of intra-family transfers, "as a way of escaping liability to potential creditors, including Philips and all just as a way of shuffling money between the family members. So I find [it to be] fraudulent." (Exhibit C, 27:23-28:3.)

11. Maninder Sethi is the sole shareholder of judgment debtor Wings Digital (Exhibit B, 25:20-23), the sole shareholder of defendant Wings Manufacturing (Exhibit

3

B, 10:3-6), and, along with his brother Jitender Sethi, joint owner of defendant Jazzman
(Exhibit B, 65:15-23).

12.    After hearing testimony during the Eshman Hearing about the intra-
familial cluster of corporations and the family's history of shuffling and commingling
assets, this Court stated that, "Wings Digital is Maninder. People also set up corporations
to pull scams, which is what I think happened here." (Exhibit C, 25:5-7.)

13.    During a deposition in the underlying matter, *U.S. Philips Corp.* v. *Wings
Digital Corp.*, Maninder Sethi testified, "I formed many corporations and shut it down.
We form companies, we shut it down, we form companies, we shut it down. So it's very
confusing." (April 28, 2003 deposition, at 21:9-12, relevant portions attached hereto as
Exhibit D.)

14.    Wings Manufacturing and Jazzman have joint financial statements and,
upon information and belief, joint accounts in which they commingle funds. (Exhibit B,
14:13-16:8; Exhibit B, 87:8-12; Eshman Hearing Respondent's Exhibit 1, attached hereto
as Exhibit E.)

15.    Wings Manufacturing and Jazzman share offices and employees. (*Philips*
v. *Wings*, April 29 deposition of Maninder Sethi, at 51:13-22, relevant portions attached
to Miller Affidavit as Exhibit D.)

16.    Maninder Sethi uses a Wings Manufacturing account to pay Wings
Digital's debts. (Exhibit B, 88:3-91:10; Eshman Hearing Philips Exhibits 2 and 3,
attached hereto as Exhibit F.)

17.    In order to purchase the equipment necessary to start Wings Digital,
Wings Manufacturing extended a letter of credit extended for more than $1.9 million.

4

(Exhibit B, 23:4-8; Eshman Hearing Respondent's Exhibit 2, attached hereto as Exhibit G.)

18.     According to Maninder Sethi, Wings Manufacturing opened this more than $1.9 million letter of credit as repayment of a $1.65 million debt that Wings Manufacturing and Jazzman jointly owed to his mother, Loveleen Sethi, and her company, Loveleen Enterprises, also named as defendants in this action. (Exhibit B, 20:1-13; Eshman Hearing Respondent's Exhibit 1, attached hereto as Exhibit E.)

19.     Upon learning that Maninder Sethi shuffled debts between Wings Manufacturing, Jazzman and Wings Digital, this Court referred to Sethi's actions as "an incredible scam." (Exhibit C, 24:8.)

*Maninder Sethi's History Of Hiding Assets From Creditorss.*

20.     In January 2004, Philips attempted to enforce its judgment against Wings Digital by seizing assets held at Commerce Bank in New Jersey. Eshman Holdings Limited ("Eshman"), also a defendant in this action, intervened, claiming that it had a senior lien on all of Wings Digital's assets.

21.     One of the two shareholders of Eshman (Exhibit B, 110:12-14), is Maninder Sethi's brother Jitender (Exhibit B, 110:22-111:1).

22.     As this Court has found: "Jitender *is* Eshman. . . . Jitender's Eshman. At this point in time, I mean, he controls it. He runs it. He's the Board of Directors and he's the, you know . . . He *is* Eshman." (Exhibit C, 17:6-14 (emphasis added).)

23.     Without disclosing the familial relationship, Eshman filed an Order to Show Cause on February 24, 2004, demanding that this Court: (1) vacate the information subpoenas and restraining notices served by Philips on Wings Digital, and (2)

5

permanently enjoin Philips from executing its judgment against any property of Wings

Digital subject to Eshman's Security Agreement, until such time as Wings Digital's

indebtedness to Eshman was satisfied.

24.     After testimony from Maninder and Jitender Sethi during the Eshman

Hearing concerning the intra-family transactions that resulted in the purported Eshman

lien, this Court found that "the entire transaction from beginning to end was fraudulent."

(Exhibit C, 26:1-3.)

25.     This Court also found that "the transfer between the family members was

fraudulent and in an attempt to avoid the judgment by Philips." (Exhibit C, 29:21-23.)

26.     This Court found that the Sethi family members, through their companies,

engaged in these transactions, "as a way of escaping liability to potential creditors,

including Philips and all just as a way of shuffling money between the family members.

So I find its fraudulent." (Exhibit C, 27:23-28:3.)

27.     Although Wings Digital had made only $50,000 in payments since the

August 1995 inception of the loan at issue (Exhibit B, 80:14-17; Eshman Hearing Philips

Exhibit 1, attached hereto as Exhibit H), upon learning that Philips was attempting to

enforce its judgment, Wings Digital promptly transferred nearly $120,000 to Eshman

(Exhibit B, 82:1-19; Exhibit H). These checks effectuating the transfers were signed by

Maninder Sethi. (Exhibit H.)

28.     In October and December 2004, in a further attempt to avoid paying

Philips' valid judgment by fraudulently transferring money to his brother's company,

Maninder Sethi signed nearly $200,000 in checks from Wings Digital to Eshman.

(Exhibit B, 63:17-21; Wings Digital's Chart given to Philips by Wings Digital's counsel

6

at Eshman Hearing allegedly accounting for payments made to Eshman, attached hereto
as Exhibit I (Exhibit B, 85, 4-10).)

29.     The October and December 2004 transfers to Eshman totaling almost
$200,000 were made in violation of the restraining notice served by Philips on Wings
Digital.  (Attached hereto as Exhibit J.)  Although Philips had stipulated to lift the
Restraining Notice for critical operating costs (attached hereto as Exhibit K), transfers to
Eshman *do not* qualify as critical operating costs and were not accounted for in the
monthly accounting of expenses required by the Stipulation to be submitted to Philips.

30.     In the Complaint attached as Exhibit A, Philips has sought the return of
the monies fraudulently conveyed to Eshman by Wings Digital.

31.     Finally, Philips recently has learned that, just weeks after Philips began to
enforce its judgment against Wings Digital, Maninder Sethi sold a property purchased in
1986 for $1 million to a company owned by his wife, Nisha Sethi, and whose registered
agent is A. Mitchell Greene, counsel for Wings Digital, for $10.  (NJ Secretary of State
report, attached hereto as Exhibit L; Choicepoint property search results, relevant
portions attached hereto as Exhibit M.)

*Assets Subject to Attachment*

32.     Philips is aware of the following assets of Maninder Sethi that are subject
to this Court's jurisdiction:

a.     The real property located at 9525 114th Street; Jamaica, NY 11419

b.     The real property located at 10414 106th Street; Jamaica, NY
11417

c.     The real property located at 10417 107th Street; Jamaica, NY
11417

7

d.   The real property located at 11417 107th Avenue; Jamaica, NY 11419

e.   The real property located at 11026 63rd Avenue; Flushing, NY 11375

f.   The real property located at 11030 63rd Avenue; Flushing, NY 11375

g.   The real property located at 11038 63rd Avenue; Flushing, NY 11375

h.   The real property located at 11014 63rd Avenue; Flushing, NY 11375

i.   The real property located at 11016 63rd Avenue; Flushing, NY 11375

j.   The real property located at 11018 63rd Avenue; Flushing, NY 11375

k.   The real property located at 11020 63rd Avenue; Flushing, NY 11375

l.   The real property located at 11022 63rd Avenue; Flushing, NY 11375

m.   The real property located at 11024 63rd Avenue; Flushing, NY 11375

n.   The real property located at 11026 63rd Avenue; Flushing, NY 11375

o.   The real property located at 11030 63rd Avenue; Flushing, NY 11375

p.   The real property located at 11032 63rd Avenue; Flushing, NY 11375

q.   The real property located at 11034 63rd Avenue; Flushing, NY 11375

r.   The real property located at 11036 63rd Avenue; Flushing, NY 11375

s.   The real property located at 11038 63rd Avenue; Flushing, NY 11375

8

t.    The real property located at 11040 63rd Avenue; Flushing, NY 11375

u.    The real property located at 11042 63rd Avenue; Flushing, NY 11375

v.    The real property located at 11044 63rd Avenue; Flushing, NY 11375

w.    50% Owner, Jazzman Sportswear Corporation

x.    100% Owner, Wings Manufacturing Corporation

y.    100% Owner, Wings Digital Corporation

z.    Account, Israel Discount Bank – Preferred Customer

33.    Philips is aware of the following assets of Wings Manufacturing that are subject to this Court's jurisdiction:

a.    Account, Israel Discount Bank – Preferred Customer

b.    At one time, Wings Manufacturing had a bank account at National Westminster Bank (Exhibit F)

34.    Philips is aware of the following assets of Jazzman that are subject to this Court's jurisdiction:

a.    Account, Israel Discount Bank – Preferred Customer

35.    Philips is aware of the following assets of Jitender Sethi that are subject to this Court's jurisdiction:

a.    Account, Israel Discount Bank – Preferred Customer

36.    Philips is aware of the following assets of Eshman that are subject to this Court's jurisdiction:

a.    Account, Israel Discount Bank – Preferred Customer

9

WHEREFORE, pursuant to CPLR Section 6201(3), the undersigned respectfully

requests that this Court enter the attached Order of Attachment.

Dated:  April 13, 2005
         New York, New York

Maura Miller

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES PHILIPS
CORPORATION,                                    :

              Plaintiff,          :       INDEX NO. 601288/05

         v.                             :

MANINDER SETHI; JITENDER             :       ADDENDUM TO AFFIDAVIT OF
SETHI; LOVELEEN SETHI; WINGS         :       MAURA MILLER IN SUPPORT OF
MANUFACTURING CORPORATION;           :       *EX PARTE* APPLICATION FOR
JAZZMAN SPORTSWEAR                    :       ORDER OF ATTACHMENT -
CORPORATION; ESHMAN                   :
HOLDINGS LIMITED; LEENA               :
DENIM LIMITED f/k/a LEENA             :
ENTERPRISES; and John Does 1 – 10,   :

             Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x


      I, MAURA MILLER, affirm and declare that attached to the April 13, 2005

affidavit in the above-referenced action are are true and correct copies of:

        a.      Complaint filed in *United States Philips Corporation* v.
                  *Maninder Sethi et al.*, Index No. 601288/05;

        b.      Transcript of March 11, 2005 in *Eshman Holdings Limited* v.
                  *United States Philips Corporation et al.* Index No. 102785/04;

        c.      Transcript of March 17, 2005 in *Eshman Holdings Limited* v.
                  *United States Philips Corporation et al.* Index No. 102785/04;

        d.      Relevant portions of April 28, 2003 deposition of Maninder Sethi;

        e.      Combined Financial Statements of Wings Manufacturing
                  Corporation and Jazzman Sportswear Corporation as of December
                  31, 1995 and 1994;

        f.      Philips Exhibits 2 and 3 from *Eshman Holdings Limited* v.
                  *United States Philips Corporation et al.* Index No. 102785/04;

g.  Respondent's Exhibit 2 from *Eshman Holdings Limited* v.
    *United States Philips Corporation et al.* Index No. 102785/04;

h.  Philips Exhibit 1 from *Eshman Holdings Limited* v.
    *United States Philips Corporation et al.* Index No. 102785/04;

i.  Wings Digital's Chart given to Philips by Wings Digital's counsel
    during *Eshman Holdings Limited* v. *United States Philips
    Corporation et al.* Index No. 102785/04;

j.  Restraining Notice with Information Subpoena of February 11,
    2004 served by Philips in Wings Digital in *United States Philips
    Corporation* v. *Wings Digital Corporation*, County of Westchester
    Index No. 433/02;

k.  Stipulation between Philips and Wings Digital in *Eshman Holdings
    Limited* v. *United States Philips Corporation et al.* Index No.
    102785/04;

l.  New Jersey Secretary of State report;

m.  Relevant portions of Choicepoint property search results.


Dated: April 15, 2005
       New York, New York

                                        *Maura Miller*
                                        Maura Miller

2