UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:                                                          :

WINGS DIGITAL CORPORATION,                                      :

                                             Debtor.            :

-------------------------------------------------------------------X

UNITED STATES PHILIPS CORPORATION,

                              Plaintiff,

MANINDER SETHI; JITENDER SETHI;
LOVELEEN SETHI; WINGS
MANUFACTURING CORPORATION;
JAZZMAN SPORTSWEAR CORPORATION;
ESHMAN HOLDINGS LIMITED; LEENA
DENIM LIMITED f/k/a LEENA
ENTERPRISES; and John Does 1-10,

                              Defendants.

------------------------------------------------------------X

Chapter 11

Case No. 05-12117 (ALG)

Adv. Pro. No.
05-02252 (ALG)


**STIPULATION AND ORDER
SETTLING ADVERSARY PROCEEDING
AND FIXING CLAIM OF ESHMAN HOLDINGS LIMITED**


This Stipulation is entered into between and among Ian J. Gazes, the Chapter 11 Trustee

of Wings Digital Corporation (the "Trustee") and Maninder Sethi ("Maninder"), Jitender Sethi

("Jitender"), Loveleen Sethi ("Loveleen"), Wings Manufacturing Corporation

("Manufacturing"), Jazzman Sportswear Corporation ("Jazzman"), Eshman Holdings Limited

("Eshman") and Leena Denim Enterprises f/k/a Leena Enterprises ("Leena")(Maninder, Jitender,

Loveleen, Manufacturing, Jazzman, Eshman and Leena are sometimes collectively referred to

herein as "defendants").

WHEREAS, on February 23, 2004, Eshman filed a special proceeding in the Supreme

{00301885.DOC;5}

Court of the State of New York, County of New York entitled, Eshman Holdings Limited v.

United States Philips Corporation and Wings Digital Corporation; Index No. 102785/04 (the

"State Court Action") to stay enforcement of United States Philips Corporation's ("Philips")

judgment against the property of Wings Digital Corporation ("Digital") on the grounds that

Eshman had a valid and prior security interest in that property; and

    WHEREAS, on March 11, 2005, a hearing was held in the State Court Action, upon

which hearing the Supreme Court, (Yates, J.) in its Decision and Order, dated April 15, 2005 and

duly entered in the New York County Clerk's Office on June 1, 2005 (the "Decision"),

determined that Eshman's loan was unsecured and that Philips' lien was superior to Eshman's;

and

    WHEREAS, on April 1, 2005, Digital filed a voluntary petition for relief under chapter

11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court"), Case No. 05-12117 (ALG) (the

"Bankruptcy Proceeding"); and

    WHEREAS, on May 25, 2005, the Bankruptcy Court appointed Ian Gazes, Esq. as the

Chapter 11 Trustee of Digital in the Bankruptcy Proceeding; and

    WHEREAS, Eshman moved for reargument and renewal of the Decision and filed a

notice of appeal of the Decision; and

    WHEREAS, pursuant to Stipulation, dated June 15, 2005, between Eshman and the

Trustee, Eshman's motion for reargument and renewal of the Decision and its Appeal from the

Decision was stayed as a result of Digital's Bankruptcy Proceeding; and

    WHEREAS, Philips is one of several creditors in the Bankruptcy Proceeding; and

    WHEREAS, on April 12, 2005, Philips commenced an action by filing a Summons and

{00301885.DOC;5}                                    2

Complaint (the "Complaint") in the Supreme Court of the State of New York, New York

County, entitled <u>United States Philips Corporation v. Maninder Sethi, Jitender Sethi, Loveleen</u>

<u>Sethi, Wings Manufacturing Corporation, Jazzman Sportswear Corporation, Eshman Holdings</u>

<u>Limited, Leena denim Limited f/k/a Leena Enterprises and John Does 1-10</u>, Index No.

601288/05 (the "Philips State Court Action") against defendants, *inter alia,* to enforce against

the defendants, jointly and severally, a judgment that Philips obtained against Digital on

November 18, 2003 in the sum of $868,234.23 (the "Judgment") on the grounds that the

defendants are Digital's alter ego and the alter ego of one another; and

WHEREAS, on May 31, 2005, defendants removed the Philips State Court Action to the

United States District Court for the Southern District of New York (the "District Court")

because, *inter alia,* it is a core proceeding and related to the Bankruptcy Proceeding; and

WHEREAS, by Order, dated June 24, 2005, the District Court referred this action to

the Bankruptcy Court (the "Adversary Proceeding"); and

WHEREAS, on July 7, 2005, defendants moved to dismiss the Complaint in the

Adversary Proceeding on the grounds, *inter alia,* that, to the extent that there exists any

justification for piercing Digital's corporate veil or the veils of the other corporate defendants,

or for finding that the defendants are Digital's alter ego and the alter ego of one another, only

the Trustee has standing to assert any such claims (the "Motion"); and

WHEREAS, pursuant to certain Stipulations and Orders, the Trustee had until March 3,

2006 to complete his due diligence with respect to the claims in the Complaint and to decide

whether to abandon the claims or to be deemed substituted instead and in place of Philips as

the plaintiff in the Adversary Proceeding; and

WHEREAS, pursuant to Notice dated March 3, 2006, the Trustee adopted the

Complaint;

WHEREAS, Eshman is scheduled as a secured creditor with a contingent claim in the bankruptcy for an unknown amount based upon loans made by Loveleen to Digital in 1995, which loans were assigned to it on January 14, 2000 and on August 15, 2000 rolled over and consolidated into a new promissory note secured by the assets of Digital (the "Eshman Claim"); and

WHEREAS, after completing his due diligence, the Trustee has determined upon review of the relevant books and records of Digital and the audited financial statements of both Digital and Manufacturing that Loveleen, through Leena, made the following loans to Digital in the following amounts: (i) $1,258,518.06 on August 15, 1995; (ii) $390,351.19 on July 31, 1996; and (iii) $250,000 on March 20, 1998, for the purchase of disc replicating and other related equipment (the "Leena Loans"); and

WHEREAS, the Trustee has determined upon review of the relevant books and records, that Digital used the Leena Loans for the purchase of disc replicating and other related equipment, which equipment was in fact received by Digital, and that each of the persons or entities that sold such disc replicating and other related equipment to Digital were paid for that equipment; and

WHEREAS, pursuant to a written assignment, dated January 14, 2000, Loveleen/Leena, assigned the Leena Loans to Eshman; and

WHEREAS, the Trustee has determined that there is a significant risk that the Decision in the State Court Action will be reversed either in whole or in part if the pending motion for reargument and renewal of the Appeal are prosecuted; and

WHEREAS, the Trustee has determined that in the Decision, Supreme Court did not find that the defendants are the alter ego of Digital or the alter ego of each other and did not otherwise

make any findings of fact that establish that the defendants are the alter ego of Digital or the alter ego of each other; and

WHEREAS, after reviewing the books and records of Digital, the Trustee does not believe that the evidence will substantiate that Digital is the alter ego of the defendants or the defendants are the alter ego of Digital or of each other; and

WHEREAS, the Trustee has determined that there is a significant risk that the defendants will prevail in their defense against all of the claims in the Complaint in the Adversary Proceeding; and

WHEREAS, the Trustee has alleged that Manufacturing received a payment from Digital on March 8, 2005 in the amount of $24,987.60 which may be avoidable as a preferential transfer under Section 547(b) of the Bankruptcy Code (the "Code"); and

WHEREAS, Manufacturing believes it has valid defenses to any preference claim in that it provided and continued to provide valuable services to Digital which exceeds the amount of the alleged preference claim; and

WHEREAS, the parties wish to avoid further unnecessary litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED, as follows:

1.      Simultaneously upon execution and delivery of this Stipulation, Eshman shall pay or shall cause to be paid to Digital's bankruptcy estate the sum of $65,000.00 in full and final settlement of any preference claims which were or could be asserted against Eshman and Manufacturing in the Bankruptcy Proceeding or otherwise and Eshman waives any claim it may have under section 502(h) of the Code;

2.      The Trustee on behalf of Digital agrees to settle any preference claim that he may have against Manufacturing for a payment of $10,000.

3.      Simultaneously upon execution and delivery of this Stipulation, defendants shall pay or shall cause to be paid to Digital's bankruptcy estate the sum of $25,000 in full and final settlement of the claims asserted in the Adversary Proceeding.

4.      The Eshman Claim shall be and hereby is fixed in the amount of $3,380,673.12 for all purposes and is hereby reclassified and allowed as a non-priority general unsecured claim and, on consent, shall be subordinate to all allowed general unsecured claims;

5.      Eshman agrees that it shall withdraw its motion for reargument of the Decision and shall withdraw the Appeal within three days of the date that this Stipulation and Order is "So Ordered" by the Bankruptcy Court.

6.      Maninder's claim against Digital's bankruptcy estate is hereby fixed in the amount of $3,354,976.57 and, on consent, shall be subordinate to all allowed general unsecured claims.

7.      The Adversary Proceeding is hereby discontinued with prejudice pursuant to Fed. R. Civ. P.  41(a)(1) and Bankruptcy Rule 7041(a)(1), without costs or attorney's fees to any party.

8.      Digital on its behalf, and each of the defendants, on behalf of themselves and each of their respective past and present agents, officers, directors, employees, attorneys, shareholders, parents, subsidiaries, all affiliated legal or business entities, insurers, successors and assigns, both individually and in their representative capacity, mutually release and discharge each other and each of their respective past and present agents, officers, directors, employees, attorneys, shareholders, parents, subsidiaries, all affiliated legal or business entities, insurers, successors and assigns, both individually and

in their representative capacity, from all actions, causes of action, suits, debts, dues, sums

of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

controversies, agreements, promises, variances, trespasses, damages, judgments, extents,

executions, claims, and demands whatsoever, in law, admiralty or equity, which against

each other they ever had, now have or hereafter can, shall or may, have for, upon, or by

reason of any matter, cause or thing whatsoever from the beginning of the world to the day

of the date of this Stipulation, including all claims, counterclaims, or disputes that were

raised or which could have been in the Bankruptcy Proceeding and the Adversary

Proceeding.

9.      Nothing herein is intended to be and shall not be construed as an admission

by any of the defendants that any of the defendants are liable for any of the claims asserted

in the Adversary Proceeding or for any preference claims that the Trustee asserted or could

have asserted.

10.      Each person executing this Stipulation in a representative capacity hereby

represents and warrants that he or she is the duly authorized representative of the party for which

he or she acts and is fully and legally empowered to execute and deliver this document on behalf

of that party.

11.      Each of the foregoing recital paragraphs are material and an integral part of

this Stipulation and Order and are incorporated by reference herein.

12.      This Stipulation may be executed in counterparts and delivered by telecopy,

and when all counterparts have been executed, each counterpart and any telecopy thereof

shall have the force and effect of an original.

13.     This Stipulation shall have no force or effect until "So Ordered" by the

Bankruptcy Court.

14.     Payments made pursuant to this Stipulation shall be made by attorney

escrow check, bank check, or wire transfer payable to the order of Ian Gazes, as Chapter 11

Trustee of Wings Digital Corporation and shall be held in escrow by Robinson Brog

Leinwand Greene Genovese & Gluck until this Stipulation becomes final.


Dated: New York, New York
         January 28, 2007


                            KAPLAN THOMASHOWER
                             & LANDAU LLP


                            By:    /s/ Rachel Schwartz
                                   Rachel Schwartz (RS 4372)

                            26 Broadway
                            20th Floor
                            New York, New York 10004
                            Phone: (212) 593-1700
                            Fax: (212) 593-1707
                            *Counsel for Defendants Maninder Sethi,
                            Jitender Sethi, Loveleen Sethi, Wings
                            Manufacturing Corporation,  Jazzman
                            Sportswear Corporation, Eshman Holdings
                            Limited, and Leena Denim Limited f/k/a
                            Leena Enterprises*

GAZES, LLC

By: ___/s/ Jeffrey K. Cymbler_____
Jeffrey K. Cymbler (JC-3261)

32 Avenue of the Americas
New York, New York 10013
Phone: (212) 765-9000
Fax: (212) 765-9675
Counsel for Ian J. Gazes, as Chapter 11
Trustee for Wings Digital Corporation

SO ORDERED :  February 28, 2007

___/s/ Allan L. Gropper_____
Allan L. Gropper
United States Bankruptcy Judge